[30 NYS3d 683]

In the Matter of ELLIOTT BAKST, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 4, 2016

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated December 10, 2015 (2015 NY Slip Op 93206[U]), on the Court's own motion, the decision and order of this Court dated August 28, 2015 (2015 NY Slip Op 83071[U]) was recalled and vacated, and the respondent was suspended from the practice of law, nunc pro tunc to August 28, 2015, pursuant to 22 NYCRR 691.4 (1) (1) (ii) and (iii), based upon his substantial admissions under oath and other uncontroverted evidence of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated February 10, 2015. That petition, which was duly served upon the respondent, contains seven charges alleging, among other things, that the respondent misappropriated funds entrusted to him as a fiduciary in connection with two real estate transactions; made cash withdrawals from his attorney escrow account; failed to satisfy a judgment in connection with the return of a real estate down payment; knowingly made false and/or misleading statements during an investigation by the Grievance Committee; and failed to reregister as an attorney with the Office of Court Administration for the 2012-2013 and 2014-2015 registration periods.

The respondent was directed to serve and file an answer to the verified petition within 20 days after service upon him of the decision and order on motion dated December 10, 2015. The issues raised by the verified petition, and any answer thereto, were referred to the Honorable Jerome Becker, as Special Referee, to hear and report.

On December 21, 2015, the Grievance Committee served a copy of this Court's decision and order on motion dated December 10, 2015 upon the respondent, and an affidavit of service was duly filed with this Court. To date, the respondent has failed to serve and file an answer to the verified petition, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served upon the respondent on January 22, 2016, he has neither opposed the instant motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., DILLON, BALKIN, LEVENTHAL and HINDS-RADIX, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Elliott Bakst, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Elliott Bakst, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Elliott Bakst, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Elliott Bakst, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).